IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOM KELLY, a married man, d/b/a
KELLY RANCH, a New Mexico business
entity,

       Plaintiff,

vs.                                                                  Civ. No. 10-700 MCA/RHS

UNIFEED HI-PRO, INC., a Texas corporation,
JOHN and JANE DOES 1-5; XYZ
CORPORATION OR BUSINESS
ENTITIES 1-5; and ABC GOVERNMENT
ENTITIES 1-5,

       Defendants.

**ORDER GRANTING DEFENDANT UNIFEED HI-PRO, INC.'S MOTION TO
PRECLUDE PLAINTIFF'S CLAIMED EXPERTS FROM TESTIFYING**

**THIS MATTER** comes before the Court on Defendant Unifeed Hi-Pro, Inc.'s Motion to

Preclude Plaintiff's Claimed Experts From Testifying ("Motion") [docket no. 25].  The Court

has now considered the Motion together with Plaintiff's Response thereto (docket no. 35) as well

as Defendant's Reply (docket no. 40) as well as all of the pleadings on file in the above-

captioned cause and hereby concludes that the motion is well-taken and should be granted.

Plaintiff's cause of action against Defendant is rather straightforward.  Plaintiff Tom

Kelly operates the Kelly Ranch located in Socorro County, New Mexico.  Mr. Kelly was grazing

cattle on his ranch and believed that he needed to supplement fodder on his pasture with

commercial feed in order to assure that his cattle would be healthy and thrive during drought

conditions.  Mr. Kelly alleges that he used mineral feeds sold to him by Defendant in an attempt

to assure that his herd would receive the proper nutrients essential to breeding.  Mr. Kelly alleges that Defendant's feeds caused lethal imbalances of copper and other nutrients resulting in illness, suffering and death of more than 40 cows and the loss of hundreds of calves all constituting a substantial economic loss.

The case was removed from the Seventh Judicial District for the State of New Mexico on July 26, 2010.  Upon removal, the Court set a scheduling conference for October 14, 2010 for the purpose of establishing case management deadlines which would be controlling over the subject litigation.  Counsel for both parties attended the scheduling conference.  At that time, various scheduling dates were discussed and it was agreed by counsel and approved by the Court that the deadline for designating Plaintiff's experts would be November 15, 2010.  There was also an agreement reached between counsel that Defendant's counsel would provide Plaintiff's counsel with its responses to Plaintiff's state-court discovery requests on or before October 28, 2010.  On October 15, 2010, the Court entered its Scheduling Order (docket no. 20).  Thereafter, on October 28, 2010, counsel for Defendant served its responses to Plaintiff's discovery requests.

On November 15, 2010, Plaintiff served his designation of expert witnesses by e-mail to defense counsel and filed the same on November 18, 2010 (docket no. 24).  Defendant identified three individual retained experts basically by name only with a most general description of what testimony they may offer to assist the trier of fact.  Plaintiff's expert disclosure was not compliant with the Court's Scheduling Order and Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B) in that Plaintiff produced no expert reports, did not provide a complete statement of all opinions the witness will express and the basis and reasons for them, did not provide the data and other information considered by the witness informing them, did not provide the witnesses'

qualifications, including a list of all publications authored in the previous ten years, did not

provide a list of all other cases during the previous four years in which the witness testified as an

expert at trial or by deposition and failed to provide a statement of the compensation to be paid

for the study and testimony in the case.

On November 15, 2010, Plaintiff's counsel e-mailed defense counsel his expert witness

disclosures and complained about Defendant's October 28, 2010 discovery responses.  The next

day, November 16, 2010, defense counsel e-mailed Plaintiff's counsel pointing out Plaintiff's

deficient expert disclosure and violation of the Court's Scheduling Order.  Apparently, counsel

for the parties spoke by telephone on December 8, 2010, at which time counsel for Plaintiff

advised counsel for Defendant that he did not provide expert reports because he believed

Defendant's discovery responses to be unsatisfactory and he asserted that his experts could not

provide reports without obtaining more documents.

*Discussion*

Defendant argues that Plaintiff's failure to provide the expert reports required by Rule

26(a)(2) is unjustified and has prejudiced Defendant's ability to prepare a defense in this case.

Thus, Defendant "seeks an order precluding any of Plaintiff's claimed experts from testifying in

this matter."  (Motion at 1).

Rule 26(a)(2)(B) requires that a party's disclosure of an expert witness "be accompanied

by a written report – prepared and signed by the witness[,]" further requiring that the written

report must contain certain information.  "Rule 26(a) expert reports . . . are intended not only to

identify the expert witness, but also 'to set forth the substance of the direct examination' . . . [and

are] necessary to allow the opposing party 'a reasonable opportunity to prepare for effective

cross examination and perhaps arrange for expert testimony from other witnesses."  Jacobsen v.

Deseret Book Co., 287 F.3d 986, 953 (10th Cir. 2002) (citation omitted) (quoted in Henderson v. Nat'l Railroad Passenger Corp., 2011 WL 14458 (10th Cir. Jan. 5, 2011) (slip copy)).  "[A] district court can allow evidence violating Rule 26(a) *only* if the violation was justified or harmless."  Id. (citing Rule 37(c)) (emphasis added).  In making this determination, the following factors should guide the discretion of district courts:  "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Id. (citing Woodwork's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Plaintiff attempts to justify his failure to produce expert reports by explaining that Defendant failed to comply with its duty to provide certain discovery.  However, "a court should not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied with discovery requests."  Jacobsen, 287 F.3d at 954 (citations and internal quotation marks omitted).  If Plaintiff thought Defendant "had unfairly avoided discovery . . . [his] recourse was a motion to compel [and/or a motion for an extension of time]."  Id. (citing Rule 37).  Defendant's alleged failure to comply with its discovery obligations does not justify Plaintiff's failure to timely produce expert reports as required by the Court's scheduling order and Rule 26.

On November 16, 2010, Defendant pointed out to Plaintiff his failure to provide expert reports as required by the Court's scheduling order and Rule 26, specifically noting that such a failure could result in exclusion of the expert witnesses.  To date, however, Plaintiff has failed or refused to provide Defendant with any expert reports.  Indeed, Plaintiff's counsel has placed his experts in a position of controlling the litigation.  It is not counsel's prerogative to elect not to

comply with a federal court order or rule.  Such behavior suggests a willful failure to comply with the Court's orders and Rule 26 and supports a finding of bad faith.

The Court also finds that Defendant has been unreasonably prejudiced by Plaintiff's conduct.  Plaintiff's failure to provide Defendant with his experts' reports hinders Defendant's ability to identify its own experts and to prepare for depositions and trial.  Moreover, at this point, the prejudice cannot be cured; discovery ended on February 11, 2011 and trial is set to begin on August 8, 2011.  (See **[Doc. Nos. 20, 37]**).  Having considered the factors set forth in Jacobsen, the Court finds that Plaintiff's failure to timely produce expert reports is neither substantially justified nor harmless.

**WHEREFORE**,

**IT IS ORDERED** that Defendant Unifeed Hi-Pro, Inc.'s Motion to Preclude Plaintiff's Claimed Experts From Testifying [docket no. 25] is **granted** and Plaintiff's expert witnesses Oehme, South and Buehler are precluded from testifying at trial.

**IT IS FURTHER ORDERED** that each party shall bear their respective costs and attorney's fees relative to this motion.

Robert Hayes Scott

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE